IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**RODNEY G.,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-539**     (Fam. Ct. Jefferson Cnty. No. FC-19-2023-D-26)

**CHRISTINA G.,**
**Petitioner Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Rodney G.[1] appeals the family court's November 8, 2023, Final Divorce Order, which he alleges failed to properly divide the principal reduction on the parties' marital home. The family court found that because Rodney G. failed to provide documentation regarding payments made on the home or how the home's equity should be divided, it was subject to equal division between the parties. Respondent Christina G. responded in support of the family court's decision.[2] Rodney G. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Rodney G. ("Husband") and Christina G. ("Wife") were married on August 8, 2015. They share two children, born in 2013 and 2015. The parties' final divorce hearing was held on September 20, 2023. At that hearing, the parties advised the family court that they had reached an agreement on everything except for how the equity in their marital home should be divided. The marital home was purchased prior to the marriage by Husband and his father, David G. Husband testified during the divorce hearing that David G. not only helped him purchase the home prior to the parties' marriage, but that he also paid a substantial amount on the mortgage during the parties' marriage and that those payments should be David G.'s property, not marital property. Wife, in contrast, argued that she was entitled to one-half of the $72,651 equity that accumulated during the marriage.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Both parties are self-represented.

1

The family court held that Husband was entitled to all pre-marital equity, but that Wife was entitled to half of the equity that accumulated during the marriage because Husband "failed to provide the [c]ourt with an escrow analysis, tax payment analysis, insurance payment analysis, interest calculations or complete loan analysis indicating the impact of [David G.'s] payments versus the impact of the marital payments on the overall loan and principal reduction." As such, the family court determined that any mortgage payments made by David G. during the marriage were a gift to the marriage. It is from the November 8, 2023, Final Divorce Order that Husband now appeals.

For these matters, we use the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, No. 22-918, 2024 WL 2966177, __ W. Va. __, __S.E.2d __ (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

Husband raises one assignment of error on appeal—that Wife is not entitled to half of the marital home's equity which accumulated during their marriage. In support of his argument, Husband included multiple pictures of checks from David G. that appear to have been paid toward a mortgage. However, we do not consider the extraneous materials that Husband submitted because our review is limited to the evidence developed in family court,[3] which found that Husband "failed to provide the [c]ourt with the appropriate evidence to support his argument." *See e.g.*, W. Va. Code § 51-11-4(c) (2021) ("parties shall be afforded a full and meaningful review on the record of the lower tribunal"); W. Va. R. App. P. 6(a) (2022) ("The record on appeal consists of the documents and exhibits filed in the proceedings in the lower tribunal, the official transcript or recording of proceedings, if any, and the docket entries of the lower tribunal.").

In the hearing below, the family court did not indicate that evidence failed to prove that David G. made mortgage payments. Instead, the family court noted that Husband failed to provide documentation such as an escrow analysis, tax payment analysis, insurance payment analysis, interest calculations, or complete loan analysis. Thus, even had Husband

---

[3] Although Rule 7(g) of the Rules of Appellate Procedure permits a party to file a motion to supplement the record, Husband has not filed such motion. Moreover, there are no grounds apparent in this matter to suggest that we would have granted a motion to supplement the record. The time to provide evidence was during the family court's hearing—not on appeal.

provided proof of mortgage payments, this alone would not have satisfied the other evidentiary deficiencies noted by the family court. Because Husband failed to submit evidence below, and our review cannot be extended to the extraneous materials submitted by Husband on appeal, we conclude there is no clear error or abuse of discretion in the family court's decision. *See In Interest of Tiffany Marie S.*, 196 W. Va. 223, 231, 470 S.E.2d 177, 185 (1996) (A reviewing court may not overturn a family court's finding simply because it would have decided the case differently).

Accordingly, we affirm the family court's November 8, 2023, final divorce order.

Affirmed.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

3